UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON J. GREEN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CAUSE NO.: 1:18-CV-245-TLS-SLC |
| DAVID GLADIEUX, ALAN COOK, and CHARLES HART, | ) ) ) ) |
|     Defendants. | ) |

**OPINION AND ORDER**

On August 7, 2018, Jason J. Green, a prisoner proceeding pro se, filed a Complaint [ECF No. 1]. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Green asks the court to certify this case as a class action. (Pl.'s Compl. ¶¶ 3–6.) A pro se litigant can represent his own interests, but he may not represent others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 f.3d 1320, 1325 (7th Cir. 1995). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others."

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Thus, despite its drafting, Green's complaint cannot proceed as a class action.

Green alleges that while housed at the Allen County Jail, he was fed dinner at 4:30 p.m. on August 1, 2016. (Pl.'s Compl. ¶ 13.) Because he had recently been sentenced to the Indiana Department of Correction, he left the jail the next morning on August 2, 2016, at 7:00 a.m. and was transported to the Reception and Diagnostic Center where he arrived at 9:30 a.m. (*Id.*, ¶¶ 23, 28.) He sues the Defendants because he was not fed breakfast that morning and claims that he went approximately 19 hours without food while in the custody of Allen County Jail officers. (*Id.*, ¶ 33.)

Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act . . . results in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotations omitted). The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

Objectively, "[t]here is, of course, a de minimus level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), *see also Hudson v. McMillian*, 503 U.S. 1, 9– 10 (1992). Missing a single meal is not unusual. There are many

2

reasons why people, inmates and free citizens alike, will occasionally miss a meal. In *Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010), the Seventh Circuit considered a much more extreme case where an inmate involuntarily missed 17 meals over 23 days. The court explained:

> To establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970; *Collins v. Seeman,* 462 F.3d 757, 760 (7th Cir. 2006). This requires that prison officials knew about a substantial risk of harm to the inmate and refused to act to prevent that harm. *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970; *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008). Mere negligence – even gross negligence – does not violate the Constitution. *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008).

*Id*. at 688–89. The court concluded that the plaintiff in that case had not "establish[ed] a constitutional violation because he has not shown that missing his meals or medicine caused serious harm or lasting detriment. *Id.*, at 689; *see also, Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006) (concluding that even a 45–pound weight loss would not support a claim without evidence of serious suffering or lasting harm). Thus, merely missing breakfast and going 17 hours without food while in the custody of Allen County Jail officers was not inherently a denial of the minimal civilized measure of life's necessities and did not violate the 8th Amendment.

In his 12 page, typed complaint, Green says he asked "an obese confinement officer with a reddish mustache and possible goatee" for breakfast at 2:20 a.m. after he was awoken at 2:00 a.m. to pack up to transfer out of the jail. (Pl.'s Compl. ¶¶ 15–16.) He does not mention telling that officer about any specific symptoms or medical needs. He says from 3 a.m. to 7 a.m. he was "hungry" while in a holding cell where he could smell food which he describes as "insult to the injury." (*Id.*, ¶¶ 19–21.) At 7:00 a.m. he asked "[a] portly woman who appeared to be of Hispanic descent" why he could not get breakfast. (*Id.*, ¶¶ 24–26.) He does not mention telling her about any specific symptoms or medical needs. When he arrived at the Reception and Diagnostic Center at 9:30 a.m., he left the custody and control of Allen County Jail officials. At

3

that time, he told the intake nurse "he had a throbbing headache and was feeling faint." (*Id.*, ¶ 28.) Two hours and fifteen minutes later, at 11:45 a.m. he was fed lunch by Indiana Department of Correction staff. (*Id.*, ¶ 33.)

Green alleges, as a result of missing breakfast, he had "a severe throbbing headache, extreme faintness, and intense hunger pains." (*Id.*, ¶ 56.) He says going without food "exacerbated the symptoms Plaintiff experiences daily from chronic" Hepatitis C. (*Id.*, ¶ 59.) Green is suing three defendants: Sheriff David Gladieux, Jail Commander Alan Cook, and former Jail Commander Charles O. Hart. Green does not allege, and it would not be plausible to infer, that he told any of them about his symptoms or his specific medical need for food. There is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, Green has not stated an Eighth Amendment claim against any of the three named defendants.

In addition to the Eighth Amendment, Green argues he had a protected Fourteenth Amendment liberty interest which required that he be given due process before being denied breakfast. Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted).

4

As the Eighth Amendment analysis makes clear, missing breakfast is not considered a significant hardship. Neither is sufficiently atypical to create a liberty interest. "In *Marion*, th[e] court noted that six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (quotation marks and citation omitted). Though missing breakfast is not typical of life in prison, it is certainly a more extreme occurrence than six months in segregation.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Green has not stated a claim against the three named Allen County Jail supervisory defendants. Though he told the Reception and Diagnostic Center intake nurse about his medical need for food, he did not name her in the Complaint even though he was made to wait more than two hours for lunch after he spoke to her. It is possible he could have stated a claim against her, but it is too late to do so. Those events occurred on August 2, 2016. Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, it is too late to amend to add new claims or defendants.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on November 12, 2018.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT